(No. 42651.—)

INDEPENDENCE HOMES, INC., Appellee, v. ROBERT DURHAM *et al.*, Appellants.

*Opinion filed January 28, 1972.—Rehearing denied March 28, 1972.*

THOMAS B. McNEILL, ROBERT M. BERGER and DAVID R. FRICK, all of MAYER, BROWN & PLATT, of Chicago, for appellants.

BURTON Y. WEITZENFELD and JOHN F. McCLURE, both of Chicago, (ARNSTEIN, GLUCK, WEITZENFELD & MINOW, of counsel,) for appellee.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

The defendants, Mr. and Mrs. Robert Durham, agreed to purchase a house in Chicago from the plaintiff, Independence Homes, Inc., for $21,450, under an installment sale contract dated July 16, 1960. That contract called for a $2,000 down payment and monthly installment payments of $164, representing the amortized balance of principal plus interest, insurance and taxes. Those payments were only some $15 greater than the monthly payments required of plaintiff by the terms of the mortgage covering the newly constructed premises.

Defendants complied with their contract until about

July 1, 1969, when they, in concert with other dissatisfied contract buyers from plaintiff and its related companies, stopped making the installment payments in an apparent effort to secure a renegotiation of their contracts on terms more favorable to the buyers. Under the terms of the contract a default in the monthly payments exposed defendants to forfeiture of their contract rights and equities. In September, 1969, plaintiff commenced proceedings to recover possession of the premises under the Forcible Entry and Detainer Act. (Ill. Rev. Stat. 1969, ch. 57.) In their answer to plaintiff's complaint, defendants pleaded 5 affirmative defenses asserting the unenforceability of the payment and forfeiture provisions of the contract. On October 2, 1969, the trial court allowed plaintiff's motion to strike these affirmative defenses and entered judgment awarding possession to plaintiff and fixing the amount of an appeal bond at $2,500. A timely notice of appeal was filed, but as an alternative to filing the $2,500 appeal bond required by the trial court pursuant to section 19 of the Forcible Entry and Detainer Act, defendants filed a "personal appeal bond" to be secured by an initial payment of $300 to the clerk of the circuit court and subsequent monthly payments to the court during the pendency of the appeal in the amounts due under the installment contract. Defendants thereafter filed a motion with a member of this court for approval of this procedure and to stay the issuance of the writ of restitution. That procedure was not approved but an alternative proposal was offered defendants whereby payments would be made directly to plaintiff rather than the clerk of the court, thus enabling plaintiff to meet its mortgage obligations. Defendants rejected this offer and submitted an order which was entered on October 28, 1969, dismissing their appeal for failure to file a sufficient appeal bond within the five-day statutory period. Ill. Rev. Stat. 1969, ch. 57, par. 19.

On November 3, 1969, defendants filed in this court notice of appeal to the United States Supreme Court. A motion to stay the judgment of eviction pending appeal and to

approve the personal appeal bond was denied on November 7, 1969, by a single member of that court without opinion, and by the entire court on December 8, 1969. (396 U.S. 952, 24 L. Ed. 2d 418, 90 S. Ct. 423.) Thereafter, defendants filed a jurisdictional statement in the United States Supreme Court and plaintiff's motion to- dismiss the appeal for want of jurisdiction was granted on February 27, 1970. That court also treated the jurisdictional statement as a petition for writ of *certiorari* and denied *certiorari*. 397 U.S. 95, 25 L. Ed. 2d 78, 90 S. Ct. 818.

On March 3, 1970, a motion was filed by defendants with this court, seeking leave to reinstate their appeal and to consolidate that appeal for hearing and decision with *Rosewood Corp.* v. *Fisher*, 46 Ill.2d 249. We allowed that motion on March 10, 1970, but subsequently vacated the order of consolidation and ordered the case to be separately submitted.

Plaintiff contends, *inter alia*, that: (1) defendants' appeal was improperly reinstated in this court; (2) defendants lack standing to challenge the appeal provisions of the Forcible Entry and Detainer Act; (3) in any event, such challenge may not be made for the first time on review. Objection to defendants' standing is based upon their rejection of the offer to allow installment payments to the plaintiff as an alternate condition of *supersedeas* and their subsequent rejection of an option accorded them by an order of this court on March 3, 1970, approving a stipulation whereby the making of payments due to plaintiff from July 1, 1969, and of monthly contract payments thereafter, would reinstate the contract without prejudice to their right to appeal. Plaintiff also argues that since defendants made no constitutional challenge to the appeal provisions of the Forcible Entry and Detainer Act in the trial court, such challenge is precluded on review. Defendants admit that the record is silent in this respect, but contend that the trial judge had decided the issue in companion cases and advised counsel "that subsequent identical issues would be similarly disposed of."

In view of defendants' unwillingness to accept either the alternative procedure offered them or that presented by stipulation, and in view of the fact that the record in this case contains no indication that the constitutional issues, review of which is now sought, were decided by the trial court, we are of the opinion that defendants' appeal was improvidently reinstated. A further consideration leading to this determination is the fact that defendants were evicted on April 4, 1970, and the premises in question have now been leased, with an option to buy, to third parties who are not parties to this action.

The order allowing reinstatement of this appeal is accordingly vacated and the appeal dismissed.

*Appeal dismissed.*